Dear Mr. Busker:
This opinion is in response to your questions asking:
 1) Whether a Second Class County is entitled to pay over interest it collected upon deposits of funds collected or withheld pursuant to Sections 137.720 and 137.750
RSMo to the County General Revenue Fund, or whether the interest must be deposited to the assessment and reassessment funds and paid to the taxing authorities from which the original funds were obtained.
 2) Whether a Second Class County which collects interest upon deposits of funds collected pursuant to Sections 137.720 and 137.750 RSMo is entitled to use the interest for assessment or reassessment purposes if the original funds collected prove insufficient for the purpose.
Section 137.720, RSMo Supp. 1980, provides that a percentage of all ad valorem property tax collections allocable to each taxing authority within the county shall be deducted from the collections of taxes each year and shall be deposited into the assessment fund of the county as required under § 137.750, RSMo Supp. 1980. Such section further provides that the county shall bill any taxing authority collecting its own taxes.
Section 137.750, RSMo Supp. 1980, provides that the governing body of any county which seeks reimbursement pursuant to Chapter 137 shall establish a fund to be used exclusively for the purpose of funding the costs and expenses of the county or township assessors, and all funds so received shall be paid into the fund.
Section 52.360, RSMo, provides that the county collector in all counties of the first class not having a charter form of government and in all counties of the second class shall deposit each day in the depositaries selected by the county for the deposit of county funds all monies received by him as county collector during the previous day and that interest will be paid into the general revenue fund of the county. However, we do not believe that such section is applicable here because it relates to county monies, and the funds established under § 137.720 and § 137.750 are special funds for assessment purposes.
It is our view that the holding of the court in State ex rel.Fort Zumwalt School District v. Dickherber, 576 S.W.2d 532 (Mo. Banc 1979), is applicable here. In that case the court stated the general principle that the interest on public funds designated for a specific purpose follows those funds in the absence of an unequivocable legislative expression otherwise. Therefore, it is our view that the interest from the funds collected under § 137.720
and § 137.750 follow the principal and go into the assessment fund and are not to be deposited in county general revenue.
It is further our view that such interest is to be used for the same purpose as the principal and not returned to the various taxing authorities, except that, pursuant to § 137.720 and § 137.750, any amount which is attributable to deductions or payments under such sections remaining in the fund each year after payment of all costs is to be paid to each taxing authority. We reach this conclusion because we believe that the funds collected pursuant to § 137.720 and § 137.750 lose their identities as funds of any particular taxing authority and are merged into one fund created for a particular statutory purpose.
CONCLUSION
It is the opinion of this office that interest collected on the assessment fund of the county under § 137.720 and § 137.750, RSMo Supp. 1980, goes into such fund and is not to be paid into county general revenue.
The foregoing opinion, which I hereby approve, was prepared by my Assistant, John C. Klaffenbach.
Very truly yours,
 JOHN ASHCROFT Attorney General